1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11 | CHRISTOPHER R. M.,

12 |           Plaintiff,

13 |     v.

14 | KILOLO KIJAKAZI,
Acting Commissioner of Social

15 | Security,

16 |           Defendant.

Case No.  CV 22-07555-RAO

**MEMORANDUM OPINION AND ORDER**

17

18

## I.    INTRODUCTION

Plaintiff Christopher R.M.[1] ("Plaintiff") challenges the Commissioner's denial of

19

his application for supplemental security income ("SSI").  For the reasons stated

20

below, the decision of the Commissioner is **REVERSED**.

21

22

## II.    SUMMARY OF PROCEEDINGS

23

       On September 10, 2020, Plaintiff filed an application for SSI, alleging

24

disability beginning January 2, 2013.  (AR 153, 172).  On October 26, 2020, his

25

26

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil

27

Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United

28

States.

application was denied.  (AR 80).  Plaintiff's application was denied again upon reconsideration on March 8, 2021.  (AR 93).  On April 7, 2021, Plaintiff filed a written request for a hearing.  (AR 99).  On August 9, 2021, a telephonic hearing was held on the Commissioner's denial of Plaintiff's application at which an impartial vocational expert testified.  (AR 32-51).  On September 2, 2021, the ALJ denied Plaintiff's claim for benefits because he was not disabled within the meaning of 42 U.S.C. § 1614(a)(3)(A).  (AR 13-31).  On September 18, 2021, Plaintiff filed an administrative appeal.  (AR 5).  On August 23, 2022, Plaintiff's appeal was denied. (AR 1).  On October 17, 2022, Plaintiff filed this action.  (Dkt. No. 1).

The ALJ analyzed whether Plaintiff was disabled under § 1614(a)(3)(A) of the Social Security Act.  The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" or combination of impairments lasting twelve or more months. *Id.*

Pursuant to 20 C.F.R. § 404.1520(a) (2023), the ALJ followed the familiar five-step sequential analysis for determining whether an individual is disabled within the meaning of the Social Security Act.  At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 10, 2020.  (AR 18).  At **step two**, Plaintiff had multiple severe impairments, including lumbar degenerative changes, scoliosis, obesity, psychotic or schizoaffective disorder, and depressive disorder.  (*Id.*)  At **step three**, Plaintiff's combined impairments did not equal the severity of impairments listed in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (AR 20).   The ALJ determined that Plaintiff possessed the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with the exception that Plaintiff can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ropes, ladders, and scaffolds; can have no exposure to unprotected heights or hazardous moving machinery parts; can perform simple, routine tasks, but not at a production rate pace as with an assembly line; can

make simple, work-related decisions; can tolerate occasional changes in workplace environment; and can have frequent contact with supervisors and coworkers and occasional contact with the public.  (AR 21).   Plaintiff has severe mental impairments, but can still perform simple, routine tasks, though not at a production rate pace as with an assembly line; can make simple, work-related decisions, tolerate occasional changes in workplace environment; and have frequent contact with supervisors and coworkers and occasional contact with the public. (AR 24).  At **step four**, Plaintiff has no past relevant work.  (AR 25).  At **step five**, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are job that exist in significant numbers in the national economy that Plaintiff could perform.  (*Id.*).  Accordingly, the ALJ concluded that Plaintiff has not been under a disability from September 10, 2020, through the date of the ALJ's decision.  (AR 26).

## III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if they, when applied against proper legal standards, are supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).  "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Biestek v. Berryhill*, —U.S. —, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  Substantial evidence is shown "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record

as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.    DISCUSSION

Plaintiff contends that the ALJ failed to properly consider Plaintiff's symptom testimony. (Joint Stipulation ("JS"), Dkt. No. 19).

This Court agrees.

A. Applicable Law

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Once satisfied, the ALJ must examine the entire case record, which includes the claimant's own testimony, for evidence on the claimant's intensity, persistence, and limiting effects of his symptoms. In evaluating the claimant's credibility, a court may consider a multitude of factors, such as inconsistencies between the claimant's

statements, objective medical evidence, the claimant's daily activities, the claimant's work record, and statements from healthcare providers or third parties about the nature, severity, and effect of the symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). However, a lack of objective medical evidence substantiating the claimant's statements about his symptoms by itself is not grounds for discrediting the claimant's symptom testimony. (*Id.*). Additionally, the ALJ must take care not to pick and choose only that evidence that bolsters his findings. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2011); *see Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). If the ALJ discounts the claimant's testimony for lack of credibility, the ALJ must provide specific, clear, and convincing reasons for doing so. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015).

### B. Analysis

Plaintiff testified that when he works at his brother's auto detail business, he vacuums the inside of the cars. (AR 37). He generally does not leave the house and does not cook. (*Id.*). He works three to four hours at a time and is driven to and from his brother's business. (AR 37-38). He is scared of being outside. (AR 38). He cannot function right and is unable to move around on his own. (AR 39-40). He experiences hallucinations (AR 40-41). He feels as though his life is in danger when he leaves the house; he will go to the grocery market if someone accompanies him. (AR 41- 42).

#### 1. Step 1: Underlying Impairment Reasonably Expected to Produce Symptoms

Plaintiff must present objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036. Here, Plaintiff presented objective medical evidence of an underlying impairment because medical evaluations list him as having schizoaffective or other psychotic disorders. (*See, e.g.*, AR 310, 365). Because this condition is satisfied, the Court proceeds with step 2 of the analysis.

1

2     2. <u>Step 2</u>: Evaluating Plaintiff's Subjective Symptom Testimony Against

3       the Entire Record

4   In deciding whether to discount Plaintiff's subjective symptom testimony, a

5 court may weigh inconsistencies between his statements, objective medical evidence,

6 his daily activities, work record, and statements from healthcare providers or third

7 parties about the nature, severity, and effect of the symptoms.  *Thomas*, 278 F.3d at

8 958-59.

9       a. <u>Objective Medical Evidence</u>

10   The ALJ found opinions from multiple healthcare providers unpersuasive.

11        i. <u>Dr. Ijeoma Ijeaku</u>

12   As to Dr. Ijeoma Ijeaku, the ALJ found her medical opinion to be unpersuasive

13 because of its inconsistency with evidence of the record.  However, the ALJ's

14 analysis of Dr. Ijeaku's opinion is sparse:

15
16   The undersigned finds Dr. Ijeaku's opinion of moderate to marked
   limitations not persuasive because they lack consistency with the
17   evidence of record [AR 241-48].  Although Dr. Ijeaku supported her
   opinion with clinical findings, she rendered her opinion almost seven
18   years prior to the current application date.  The recent treatment
   evidence better reflects the claimant's current functioning, compatible
19   with the ability to perform unskilled work.

20 (AR 24).  The ALJ recites Dr. Ijeaku's medical findings (AR 22-23), cites to her

21 reports on the following page (AR 24) without indicating which parts of the reports

22 are particularly relevant in his analysis, and states in conclusory fashion that more

23 recent treatment evidence would better reflect Plaintiff's current capabilities than

24 would Dr. Ijeaku's 2013 evaluation (*id.*).  Although it might be reasonable for this

25 Court to make that inference, it is the ALJ who must make that showing with clear

26 and convincing evidence.  *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017).

27        i. <u>Michael Bogdanoff, LCSW</u>

28

As to Michael Bogdanoff, LCSW, the ALJ ruled his opinion lacked supportability and consistency with evidence of the record because several of his progress notes "consistently indicate[] [Plaintiff] is stable and cooperative, . . . cordial with full orientation, has clear and deliberate speech, has intact insight and judgment, is not suicidal or homicidal, does not have hallucinations, does not feel hopeless or in despair, and has no change of appetite or sleep patterns."  (AR 24; *see* 393-95). This analysis is incomplete.

An ALJ must examine the entire case record and avoid selectively using evidence to bolster his own conclusion.  *See Thomas*, 278 F.3d at 958-59.  Here, the ALJ was selective using evidence to bolster his own conclusion because he analyzed only the part of Mr. Bogdanoff's opinions that imply Plaintiff has no mental impairment: he is cooperative, cordial, does not have suicidal or homicidal thoughts, does not feel hopeless or in despair, has no change in appetite or sleep patterns, has clear and deliberate speech, and has intact insight and judgment.  (AR 24).  The ALJ did not analyze the portions of Mr. Bogdanoff's notes that could imply Plaintiff *does* have a mental impairment: Plaintiff experienced lethargy and disorientation as side effects of medication, hears voices, and has marked impairments in multiple assessments, including the ability to understand, remember, or apply information; concentrate, persist, or maintain pace; managing his own behavior and emotions; accepting intrusions and responding appropriately to supervisors; getting along with coworkers without unduly distracting them; responding appropriately to changes in a routine work setting; dealing with the stress of a full-time job; being aware of normal hazards and taking appropriate cautions, interacting appropriately with the general public; and adhering to basic standards of neatness and cleanliness, among others.  (*See* AR 393-95).

Even if the ALJ were correct to discount part of Mr. Bogdanoff's opinions, his analysis still falls short of the clear and convincing standard because he fails to explain, with facts, the link between Mr. Bogdanoff's opinions and the ALJ's

conclusion that his opinions were unpersuasive. *Brown-Hunter*, 806 F.3d at 488-89.

A "lack of objective medical evidence substantiating the claimant's statements about his symptoms is not grounds for discrediting the claimant's symptom testimony," *Thomas*, 278 F.3d at 958-59. The Court does not agree with the ALJ's analysis of the lack of objective medical evidence. Assuming *arguendo* the ALJ's analysis is correct, the Court will continue analyzing Defendant's other grounds for discounting Plaintiff's subjective symptom testimony since the ALJ's decision cannot be affirmed solely for lacking objective medical evidence.

### b. Treatment History

Defendant contends Plaintiff's treatment history undermines his subjective complaints. The Court disagrees. The ALJ notes Plaintiff improving with medication, that he is doing well, and has denied medication side effects (AR 22-23, 25), but he does not explain how Plaintiff's improvement relates to his credibility. *Smith v. Kijakazi*, 14 F.4th 1108, 1112-13. Even though an ALJ "need not discuss 'every shred of evidence' in the record" (JS 15), he still cannot selectively use only evidence that bolsters his conclusions. *Holohan*, 246 F.3d at 1208. The ALJ's questions should reflect the waxing and waning nature of Plaintiff's symptoms while he progresses through his treatment and cover the time leading *up* to the hearing, not merely what Plaintiff is feeling *at* the time of the administrative hearing. *Smith*, 14 F.4th at 1113.

### c. Inconsistencies

The ALJ notes that Plaintiff claims he does not listen well and needs reminders to take care of personal needs and grooming, take his medicine, and go to places, but "mental status examinations reveal [he] is alert and oriented, has intact memory for past and recent events, and has intact insight and judgment." (AR 20). The ALJ notes Plaintiff claims having hardship being around people and going outside and spending the majority of the day watching television at home, but Plaintiff is able to shop in stores with someone, is cordial and cooperative with clear and deliberate

speech for his telehealth appointments, and assists his family with its mobile auto detailing business. (AR 21). But again, the ALJ's analysis ignores the waxing and waning nature of symptoms one experiences while receiving mental health treatment. *See Smith*, 14 F.4th at 1113.

Defendant contends that inconsistencies in Plaintiff's subjective testimony also discredit him. (JS 14). Defendant points to Plaintiff's testimony about his ability to clean and complete chores (*id.*) to show Plaintiff is not totally disabled, but the ALJ opinion makes no mention of this. The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)). Because the ALJ makes no mention of the alleged inconsistencies in this testimony, the Court will not address this argument.

The Court concludes that the ALJ's decision is not supported by substantial evidence. The Court further concludes that remand for further administrative proceedings is appropriate, as further administrative review could remedy the ALJ's error. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). On remand, the ALJ shall review the opinions of Dr. Ijeoma Ijeaku and Michael Bogdanoff, the acceptances of which may result in satisfaction of "paragraph B" criteria. The ALJ may then reassess steps two and three and proceed to steps four and five as appropriate.

///

///

///

///

///

///

///

1

## IV.   CONCLUSION

2      IT IS ORDERED that Judgment shall be entered **REVERSING** the decision

3  of the Commissioner denying his SSI request, and **REMANDING** the matter for

4  further proceedings consistent with this Order.

5      IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

6  Order and the Judgment on counsel for both parties.

7

8

9  DATED:  July 17, 2023                                        /s/

10                                             ROZELLA A. OLIVER
                                               UNITED STATES MAGISTRATE JUDGE
11

12                                         **NOTICE**

13  **THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28